J-S05006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAIVON TURNER | : | |
| | : | |
| Appellant | : | No. 316 EDA 2020 |

Appeal from the PCRA Order Entered November 6, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006211-2015

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 16, 2021**

Daivon Turner appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

We glean the following case history from the PCRA court's opinion.  On the afternoon of May 25, 2015, Basil Scott was riding a dirt bike he had taken the day before from Appellant.  Appellant arrived at the scene in a minivan and shot Mr. Scott four times, once in the head, killing him.  Appellant fled the state, was brought back to Philadelphia by his mother, and confessed to the shooting after surrendering to police.  He was arrested and charged with murder and crimes related to possession of a firearm.

Appellant retained counsel, who filed an omnibus pretrial motion seeking to suppress Appellant's statements, physical evidence, and out-of-court identification evidence.  After the plan for payment fell through, counsel sought and was granted permission to withdraw.  New counsel entered an

appearance and also filed an omnibus pretrial motion seeking suppression of Appellant's statement to police, physical evidence, and out-of-court identification evidence.

Before the court ruled upon the suppression issues, Appellant opted to enter a negotiated guilty plea to third-degree murder and one firearms charge in exchange for a sentence of fifteen to thirty years of imprisonment and the dismissal of the remaining charges. In the plea colloquy signed by Appellant, he acknowledged that by pleading guilty he was giving up his pretrial rights, including the right to pursue suppression of statements he made to police, identifications of him made by third parties, and seized evidence. After confirming Appellant's understanding though an oral plea colloquy, the trial court accepted the plea and imposed the agreed-upon sentence. Appellant did not file a direct appeal.

Appellant filed a timely PCRA petition on February 13, 2018. Therein, he raised three bases for claiming that his confession to the police was involuntary, as well as a claim that trial counsel rendered ineffective assistance by failing to challenge the admissibility of his confession. Counsel was appointed and filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, and

Appellant filed no response. By order of November 8, 2018, the PCRA court dismissed the petition and granted counsel's request to withdraw.

Appellant filed a timely *pro se* notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents one question for our consideration: "Did the PCRA court err, when it denied Appellant's PCRA petition alleging he waived his right to post-conviction relief which is the- first cognizable avenue to raise ineffective assistance of counsel arising out of plea process?" Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish

any prong is fatal to the claim. *Id*. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017).

In his PCRA petition, Appellant alleged that counsel was ineffective in "allowing [Appellant's] constitutionally protected and guaranteed rights to be violated" by not pursuing suppression. ***See*** PCRA Petition, 2/13/18, at 7. ***See also id***. at 16 (stating that counsel failed to be a zealous advocate and allowed unconstitutionally-obtained evidence "to be used against his client at trial"). On appeal, he presents this Court with additional averments not pled in the PCRA court. Specifically, he contends that trial counsel advised Appellant that counsel withdrew the suppression motion because the trial court would never grant it, and that Appellant had to accept the plea deal or he would end up with a life sentence. ***See*** Appellant's brief at 11-12. Appellant further alleged on appeal that counsel instructed him to represent during the oral plea colloquy that he was pleased with his attorney's representation and that no one had forced him to plead guilty, otherwise the trial court would not accept the plea and Appellant would end up with a life sentence. *Id*. at 12.

Appellant's claims entitle him to no relief. First, specific allegations of trial counsel ineffectiveness not raised in the PCRA petition or an authorized amendment are waived. ***See***, ***e.g.***, ***Commonwealth v. Jones***, 811 A.2d 994, 1003 (Pa. 2002) (citing Pa.R.A.P. 302(a) in holding issue not raised in

the PCRA court could not be raised for the first time on appeal). ***See also***

***Commonwealth v. Reid***, 99 A.3d 470, 519-20 (Pa. 2014) ("Appellant's

specific allegations regarding trial counsel's failure [to obtain certain evidence]

were raised for the first time in his Supplemental Amended PCRA Petition,

which the PCRA court does not appear to have authorized. Thus, Appellant's

claim is waived on this basis."). Appellant never presented to the PCRA court

his allegations that trial counsel pressured him to enter his plea and lie about

being coerced to do so. Accordingly, the contentions cannot serve as a basis

for this Court to grant relief.

Second, "[a] person who elects to plead guilty is bound by the

statements he makes in open court while under oath and he may not later

assert grounds for withdrawing the plea which contradict the statements he

made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480

(Pa.Super. 2018). Here, Appellant represented to the trial court, under oath,

that he completed and understood the written plea colloquy which indicated

that, by entering a guilty plea, he gave up his right to appeal the denial of his

pre-trial suppression motion. The certified record clearly evidences his

subsequent oral confirmation of the voluntary waiver of his pretrial rights:

> THE COURT: . . . You're giving up your right -- you[r] pretrial
> rights as well. I understand there was a statement made in this
> case. And that the Commonwealth has told me, and your attorney
> has told me, that if you were to proceed to trial, he would have
> filed -- or we would have litigated, I should say, because he did
> file -- we would have litigated a motion to suppress the statement
> that you gave.

When you plead guilty, we are not going to litigate that motion. And you will forever give up your right to say that that statement was taken in any other way except lawful.

Do you understand that?

[APPELLANT]: Yes.

THE COURT: You're also giving up your right to challenge any identifications made of you and anything that was seized by the police, like any guns that were recovered or any clothing or cars, anything that the police recovered from you.

Do you understand that?

[APPELLANT]: Yes.

N.T. Guilty Plea, 1/23/18, at 7-8. Thus, the record belies Appellant's claim that counsel withdrew the suppression motion and coerced him into entering an involuntary plea.

Accordingly, Appellant has failed to convince us that the PCRA court erred in dismissing his PCRA petition and that he is entitled to relief from this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021